MELINDA HAAG (CABN 132612)
United States Attorney

THOMAS MOORE (ALBN 4305-O78T)
Chief, Tax Division

THOMAS M. NEWMAN (NYSBN 4256178)
Assistant United States Attorney
  11th Floor Federal Building
  450 Golden Gate Avenue, Box 36055
  San Francisco, CA 94102
  Telephone:   (415) 436-6888
  Fax:              (415) 436-7009
Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR-13-29-CRB |
| Plaintiff, | SENTENCING MEMORANDUM |
| v. | |
| VICTOR MENDOZA, | |
| Defendant. | |

Plaintiff, United States of America, by and through its counsel of record, Thomas M. Newman, Assistant United States Attorney, submits this Sentencing Memorandum pursuant to Crim. L. R. 32-5(b).

## I. INTRODUCTION

**A.   Summary of Recommendation**

The Defendant pled guilty to causing a false entry on a document within the jurisdiction of the United States, in violation of 18 U.S.C. § 1001. The Pre-Sentence Investigation Report (PSR) correctly computes the Defendant's adjusted offense level as 10, Criminal History Category I, which yields an applicable sentencing range of 6-12-months but can be satisfied under the conditions set forth in USSG 5C1.1. (PSR ¶¶ 26 & 31). The government recommends a sentence of: (1) 6-months home confinement, (2) 3-years of probation, (3) a $5,000 fine, and (4) a $100 special assessment.

**B.     Factual Background**

As noted in the PSR, the Defendant is a Spanish-speaking bookkeeper who has provided accounting-type services since 1996. (PSR ¶ 6). From 2002 to 2008, the Defendant told some of his clients that they owed federal taxes and requested a check to pay the taxes purportedly owed. (PSR ¶¶ 6-11). The PSR accurately depicts the offense conduct in detailing that the Defendant tricked his clients into believing they owed federal taxes at various intervals from 2002 through 2008. (PSR ¶ 10). One noteworthy detail was omitted from the PSR, the clients did not speak or read English. For that reason, the individuals relied on the Defendant for his services and for his ability to speak Spanish and English.

Over the course of about six years, the Defendant received $35,278 of inappropriate payments from his clients. (PSR ¶ 11). Although the Defendant told the clients they owed taxes, in fact, the Defendant sent their check with a voucher requesting that the IRS credit the payment to Mendoza's tax liability. (PSR ¶¶ 10-12). The IRS discovered the issue when one of the last few checks was being processed, and the individual whose name appeared on the check did not match the Social Security number on the voucher, i.e. Mendoza's. (PSR ¶ 7).

After the scheme was uncovered, Mendoza immediately contacted his clients and begged for forgiveness. (PSR ¶ 11). Mendoza also repaid all of the money paid to him as part of the scheme. (PSR ¶ 12).

**II.   ARGUMENT**

**A.     Guideline Calculation**

The U.S. Probation Officer correctly computed the base offense level as 12. The Defendant's adjusted offense level is 10, after reducing the offense level by two for acceptance of responsibility. The Defendant's Criminal History Category is I, yielding an applicable sentencing range of 6-12 months. Because the Range is within Zone B, a Guideline sentence may include a probationary sentence. USSG § 5C1.1(c)(3).

The U.S. Probation Officer recommends a sentence of 6-months home confinement, and a $2,000 fine.

The government agrees with the Guideline calculation and the recommendation, but contends a more significant fine is warranted. The government recommends a sentence of 6-months home

confinement, a $5,000 fine, and 3 years of probation.

**B.      Consideration of Other Sentencing Factors**

There are two significant competing issues relating to sentencing in this case. The first issue involves the loss amount and the source the stolen funds. The second issue relates to the Defendant's conduct after this crimes was committed. These issues are addressed in turn.

Although a non-custodial sentence is warranted, some period of community confinement is undoubtedly appropriate. The sum at stake in this case is significant when the source of the funds is considered and the length of time this went on. For about six years, the Defendant led his non-English speaking clients into believing they owed thousands of dollars of taxes and quarterly payments were due to the IRS. In fact, none of these people owed the IRS money. The Defendant used the money to improve his own life, pay for his home, and pay his own taxes. Also during this time the Defendant owned his own home, multiple vehicles, and had significant income. The Defendant should be confined to punish him for swindling his clients.

In that regard, the government has considered other forms of punishment, including community service. However, applying the Defendant's skills for free as part of his sentence would be inappropriate in this case given that he the crime involved lying to bookkeeping clients. As this was a crime of greed, the fine should be increased beyond the minimum under the Guidelines.

The sentence recommended by the government is also supported by the mitigating factors in this case. The IRS personnel who "discovered" this misconduct was a civil employee who was simply attempting to apply a payment to the correct account. She could not communicate with the person who signed the check, who did not speak English, and so she called Mr. Mendoza for assistance. The PSR accurately reflects Mr. Mendoza's remorse when he called his clients to apologize, and then he repaid the money taken from them. In fact, some of these calls were recorded. Mr. Mendoza repaid all of the money due before this case was investigated as a criminal matter. His feelings of remorse, guilt, and the sincere requests for forgiveness made to his clients support a probationary sentence requiring 6-months home confinement.

### III.  CONCLUSION

As outlined above, the government has recommended a sentence of 6-months home confinement, as a condition of a 3-year probationary sentence that includes a $5,000 fine.

Respectfully submitted,<br>
MELINDA HAAG<br>
United States Attorney<br>
<br>
___/s/_____<br>
THOMAS NEWMAN<br>
Assistant United States Attorney<br>
Tax Division